Leila Nourani (SBN 163336)
Landon R. Schwob (SBN 280908)
**JACKSON LEWIS P.C.**
725 South Figueroa Street, Suite 2500
Los Angeles, California  90017-5408
Telephone:   (213) 689-0404
Facsimile:    (213) 689-0430
leila.nourani@jacksonlewis.com
landon.schwob@jacksonlewis.com

Attorneys for Defendant
DISTRIBUTION ALTERNATIVES, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEL JOSE ORTIZ, an individual and ALAN RAMOS, an individual,<br><br>　　　　　Plaintiffs,<br><br>　vs.<br><br>DISTRIBUTION ALTERNATIVES, INC., a corporation, BARRETT BUSINESS SERVICES, INC., a corporation and DOES 1 – 25, inclusive,<br><br>　　　　　Defendants. | Case No.<br><br>**DEFENDANT DISTRIBUTION ALTERNATIVES, INC.'S NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. SECTIONS 1332, 1441(a) and (b) and 1446 (DIVERSITY)**<br><br>[Filed concurrently with the Declarations of Leila Nourani and Grant Ellena, Corporate Disclosure Statement, Notice of No Related Cases, Certificate of Interested Parties, and Civil Case Cover Sheet]<br><br>Complaint Filed: March 8, 2021 |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFFS ANGEL JOSE ORTIZ AND ALAN RAMOS AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant Distribution Alternatives, Inc. ("DAI"), hereby invokes this Court's jurisdiction under the provisions of 28 U.S.C. sections 1332, 1441(a) and 1446(b) to remove this action from the Superior Court of California for the County of San Bernardino ("San Bernardino Superior Court"). In support thereof, DAI asserts the following:

### SERVICE AND PLEADINGS FILED IN STATE COURT

1. Plaintiffs Angel Jose Ortiz and Alan Ramos ("Plaintiffs") filed a Complaint against DAI and Defendant Barrett Business Services, Inc. ("BBSI") on or about March 8, 2021, in San Bernardino Superior Court entitled *Angel Jose Ortiz, et al. v. Distribution Alternatives, Inc., et al.,* Case No. CIV SB 21094519 (the "Complaint"). A true and complete copy of Plaintiffs' Complaint and other related court documents received by DAI are attached as **Exhibit "A"** to Paragraph 2 of the Declaration of Leila Nourani ("Nourani Decl.") filed concurrently herewith.

2. In the Complaint, Plaintiffs assert seven causes of action against DAI and BBSI for: (i) Disability Discrimination; (ii) Failure to Accommodate; (iii) Failure to Engage in an Interactive Process; (iv) Retaliation; (v) Harassment; (vi) Interference with FMLA Leave Rights; and (vii) Violation of Public Policy. (Nourani Decl., *see generally* **Exhibit "A"**.)

3. DAI was served with a copy of the Summons and Complaint on September 2, 2021. (Nourani Decl., ¶2.)

4. Although the online docket of the San Bernardino County Superior Court evidences that a Proof of Service of the Summons, Complaint, Civil Case Cover Sheet and Initial Trial Setting Conference Statement has been filed *as to DAI*, the Court's docket does not reflect that any such Proof of Service has been filed *as to BBSI*, and DAI is unaware as to whether BBSI has or has not been served. (Nourani Decl., ¶ 3, **Exhibit "B"**). A true and

1

correct copy of the referenced online docket is attached hereto as **Exhibit "B"** to Paragraph 3 of the Nourani Decl. filed concurrently herewith. DAI is informed and believes, and hereon alleges, that BBSI would consent to removal. (Nourani Decl., ¶ 3.)

5. On October 4, 2021, Defendant filed and served its Answer in the San Bernardino Superior Court. (Nourani Decl., ¶ 4.) A true and correct copy of the Answer is attached to the Nourani Decl. as **Exhibit "C"** (Nourani Decl., ¶ 4.). **Exhibits A and C** constitute all of the pleadings that have been filed in this matter as of the date of filing of this Notice of Removal. (Nourani Decl., ¶ 5.)

## TIMELINESS OF REMOVAL

6. This removal has been filed within thirty (30) days after DAI was first served with a copy of Plaintiffs' Summons and Complaint on September 2, 2021. Therefore, it has been filed within the time period mandated by 28 U.S.C. § 1446(b). *Murphy Bros., Ins. v. Michetti Pipe Stringing, Inc.* (1999) 526 U.S. 344, 348-56 (30-day removal deadline is triggered by actual service, as opposed to receipt of complaint through other means.)

## NOTICE TO ALL PARTIES AND STATE COURT

7. In accordance with 28 U.S.C. § 1446(d), the undersigned counsel certifies that a copy of this Notice of Removal along with all supporting pleadings will be promptly served on Plaintiffs' counsel and filed with the Clerk of the San Bernardino County Superior Court. Therefore, all procedural requirements for notice under 28 U.S.C. § 1446 will be followed and satisfied.

## VENUE IS PROPER

8. Venue of this action lies in the United States District Court for the Central District of California, pursuant to 28 U.S.C. § 1441 *et seq.* and 28 U.S.C. § 1391(b)(1), as this is the judicial district in which Plaintiffs allege the action arose and where, based on information and belief, Plaintiffs reside. (Nourani Decl., ¶ 6).

## JOINDER IN REMOVAL

9. As outlined above, the online docket does not reflect that a Proof of Service of Summons, Complaint has been filed as to BBSI, and DAI is unaware as to whether BBSI

has or has not been served. (Nourani Decl., ¶ 3, Ex. "B").  DAI is informed and believes, and hereon alleges, that BBSI would consent to removal.

## DIVERSITY OF CITIZENSHIP

10. "The district courts shall have original jurisdiction over all civil actions where the matter in controversy exceeds the sum or value of $75,000.00…and is between…citizens of different states." (28 U.S.C. § 1332(a).)  Diversity jurisdiction exists when there is diversity of citizenship between the parties at the time the plaintiff files a lawsuit.  (*Grupo Dataflux v. Atlas Global Group, L.P*., 541 U.S. 567, 571 (2004)).

11. Citizenship of the parties, for purposes of diversity jurisdiction, is determined at the time of the lawsuit's commencement.  *See Mann v. City of Tucson* (9th Cir. 1986) 782 F.2d 790, 794.

12. DAI is informed and believes, and hereon alleges, that Plaintiffs are, and were at all times relevant to this action, a resident and citizen of the State of California, given that Plaintiffs allege they are both "residents of San Bernardino County." (Nourani Decl., ¶ 2 and **Exhibit "A"**, ¶ 11).

13. Because DAI is a corporation, pursuant to 28 U.S.C. § 1332(c)(1), it is a citizen of any state in which it is incorporated as well as the state where it maintains its principal place of business.  28 U.S.C. § 1332(c)(1). DAI was, at the time the Complaint was filed in state court, and still is, at the time of removal, a Minnesota corporation with its principal place of business in Lino Lakes, Minnesota. (Declaration of Ellena Grant ("Grant Decl."), ¶ 2; Nourani Decl., ¶ 7 and **Exhibit "D"** attached thereto).   A true and correct copy of the California Business Portal printout relating to DAI's corporation status is attached hereto as **Exhibit "D"**.  The printout reflects that DAI is a Minnesota corporation and also discloses its principal place of business in Lino Lakes, Minnesota.

14. DAI is informed and believes, and hereon alleges, that BBSI was, at the time the Complaint was filed in state court, and still is, at the time of removal, a Maryland corporation with its principal place of business in Vancouver, Washington. (Nourani Decl., ¶ 8 and **Exhibit "E"** attached thereto).   A true and correct copy of the California Business

Portal printout relating to BBSI's corporation status is attached hereto as **Exhibit "E"** to Paragraph 8 of the Nourani Decl. filed concurrently herewith. The printout reflects that BBSI is a Maryland corporation and also discloses its principal place of business in Vancouver, Washington.

15. Based on the foregoing, there is complete diversity as between the parties because Plaintiff is a California citizen, and DAI is a citizen of Minnesota, and BBSI is a citizen of either Maryland or Washington.[1]

## AMOUNT IN CONTROVERSY

16. In cases in which the existence of diversity jurisdiction depends on the amount in controversy, "the district court may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy." *Singer v. State Farm Mutual Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).

17. When the allegations in a complaint do not establish the amount in controversy, a removing defendant can do so by "provid[ing] evidence establishing that it is 'more likely than not' that the amount in controversy exceeds" the jurisdictional minimum. *Id.*; *see also Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007); *Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 981 (2013) ("A defendant seeking removal . . . must demonstrate, by a preponderance of evidence, that the aggregate amount in controversy exceeds the jurisdictional minimum" in any case in which "the plaintiff does not plead a specific amount in controversy."); *Steele v. Grainger, Inc.*, 2013 U.S. Dist. LEXIS 81381, at *14 (S.D. Cal. June 10, 2013) (noting that "a plaintiff cannot . . . lower the amount of monetary relief requested in an attempt to evade federal jurisdiction").

---

[1] The presence of Doe defendants has no bearing on whether the parties are diverse from one another. *See* 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded").

18.     In determining whether the amount in controversy is satisfied, the Court must presume plaintiffs will prevail on each and every one of their claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter* (C.D. Cal. 2002) 199 F. Supp. 2d 993, 1001, citing *Burns v. Windsor Ins. Co.* (11th Cir. 1994) 31 F.3d 1092, 1096 (the amount in controversy analysis presumes that "plaintiff prevails on liability"), citing *Angus v. Shiley Inc.*, (3rd Cir. 1993) 989 F.2d 142, 146 ("the amount in controversy is not measured by the low end of an open-ended claim, but rather by reasonable reading of the value of the rights being litigated"). Therefore, the argument and facts set forth may appropriately be considered in determining whether the jurisdictional amount in controversy is satisfied. *Cohn v. Petsmart, Inc.* (9th Cir. 2002) 281 F.3d 837, 843, n. 1.

19.     Further, where a plaintiff's state court complaint is silent as to the amount of damages claimed, the removing defendant need only establish that it is more probable than not that plaintiff's claim exceeds the jurisdictional minimum. *See Sanchez v. Monumental Life Ins. Co.* (9th Cir. 1996) 102 F.3d 398, 403-04. That is, a plaintiff's failure to specify in the complaint the amount of damages he or she seeks does not deprive this Court of jurisdiction. *See, e.g.*, *White v. J.C. Penney Life Ins. Co.* (S.D. W.Va. 1994) 861 F. Supp. 25, 26 (defendant may remove a suit to federal court notwithstanding the failure of plaintiff to plead a specific dollar amount in controversy; if the rules were otherwise, "any plaintiff could avoid removal simply by declining . . . to place a specific dollar value upon its claim"). The Ninth Circuit has concluded that "[n]otice of removability under 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry. *Harris v. Bankers Life and Casualty Co.* (9th Cir. 2005) 425 F.3d 689, 694. Therefore, Defendant has no duty to investigate facts or make calculations for Plaintiff. *Id*.

20.     Punitive damages may also be included in calculating the amount in controversy. *Davenport v. Mutual Ben. Health & Acc. Ass'n* (9th Cir. 1963) 325 F.2d 785, 787; *Aucina v. Amoco Oil Co.* (S.D. Iowa 1994) 871 F.Supp. 332.

21.  In *Aucina v. Amoco Oil Co.*, the defendant-employer established the amount in controversy exceeded the jurisdictional minimum where the former employee asserted claims for lost wages, lost benefits, mental anguish, and punitive damages. The court noted that the defendant was a Fortune 500 Company, and that "[b]ecause the purpose of punitive damages is to capture a defendant's attention and deter others from similar conduct" the plaintiff's claim for punitive damages "might alone" exceed the jurisdictional minimum. *Aucina*, 871 F.Supp. at 334.

22.  Without conceding that Plaintiffs are entitled to damages or can recover damages in any amount whatsoever, the amount in controversy in this action substantially exceeds $75,000 (28 U.S.C. §1332(a)), based on the following[2]:

    a.  **Plaintiffs' Allegations of Economic Damage:** Plaintiffs' Complaint alleges that, as a result of wrongdoing alleged therein, Plaintiffs "have suffered and will continue to suffer actual damages, including lost earnings, medical costs and other employment benefits, in a sum in excess of the jurisdictional limit of this Court, the exact amount of which is not yet known, which will be proven at the time of trial." [Complaint, ¶¶ 43, 51, 60, 67, 76, 92].

    b.  **Plaintiffs' Allegations of Non-Economic Damage:** Plaintiffs' Complaint alleges that, as a result of wrongdoing alleged therein, Plaintiffs "have suffered and will continue to suffer" emotional and other non-economic damages "in a sum in excess of the jurisdictional limit of this Court, the exact amount of which is not yet known, which amount will be proven at the time of trial." [Complaint, ¶¶ 44, 52, 61, 68, 77, 93].

    c.  **Plaintiffs' Allegations of Entitlement to Award of Attorney Fees:**

---

[2] The assumptions set forth herein are based on the information provided by Plaintiffs' Complaint. Thus no admissions are being made by DAI with respect to liability, nor is any admission being made that Plaintiffs ever suffered any damages.

        Plaintiffs' Complaint alleges that, as a result of wrongdoing alleged therein, Plaintiffs "have been required to retain the services of counsel . . ." and ". . . are entitled to an award of attorney fees according to proof." [Complaint, ¶¶ 45, 53, 62, 69, 78, 94].

    d.    **Plaintiffs' Allegations of Entitlement to Punitive Damages:** Plaintiffs' Complaint alleges that, as a result of wrongdoing alleged therein, Plaintiffs ". . . are therefore entitled to punitive damages in an amount which will be proved at the time of trial." [Complaint, ¶¶ 46, 54, 63, 70, 79, 95].

23. Based on the extent of economic and non-economic damages claimed, as well as a claimed entitlement to punitive damages, it is DAI's reasonable assumption that the amount in controversy exceeds the jurisdictional threshold. (Nourani Decl., ¶ 9).

24. Moreover, in determining whether a complaint meets the amount in controversy threshold for a removal under 28 U.S.C. § 1332(a), a court may also consider the aggregate value of claims for compensatory damages *and* attorney's fees. *See Goldberg v. CPC Int'l, Inc.* (9th Cir. 1982) 678 F.2d 1365, 1367, *cert. denied*, 459 U.S. 945 (1982) (attorney's fees may be taken into account to determine jurisdictional amount); *see also, Galt G/S v. JSS Scandinavia* (9th Cir. 1998) 142 F.3d 1150, 1155-1156 (holding the amount in controversy may include attorney's fees recoverable by statute). The Court may examine the nature of the action and the relief sought and take judicial notice of attorneys' fee awards in similar cases. *See Simmons v. PCR Technology* (N.D. Cal. 2002) 209 F. Supp. 2d 1029, 1035 (attorneys' fees in individual employment discrimination cases often exceed damages). Furthermore, such fees are calculable beyond the time of removal. *Id.* at 1035.

25. Here, counsel for DAI reasonably estimates that attorney's fees alone will exceed the sum of $250,000 through trial. (Nourani Decl., ¶ 9). The estimate is reasonable based on Central District case law which has allowed much higher estimates, including up to 25 percent of the amount in controversy less attorneys' fees. *See, e.g., Oda v. Gucci*

*Am., Inc.* (C.D. Cal. 2015) 2015 U.S. Dist. LEXIS 1672 at *11-13 (court finds Gucci's assumptions regarding attorneys' fees to be "reasonable" on removal where Gucci contended "Plaintiffs would recover a 25 percent fee" totaling "$1,329,245," based on "the amount in controversy before attorneys' fees" of "$5,316,978").

26. Thus, this civil action may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. §§ 1332, 1348, 1441 *et seq.* and 1446(b), because the action is between citizens of different states and, based on the facts and arguments set forth in paragraphs 1 through 24 above, the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

27. This Notice of Removal is filed within thirty (30) days after Defendant was properly served with a copy of the Summons and Complaint in this case and within one year after the state court action was filed. This Notice therefore is filed within the time period provided by 28 U.S.C. § 1446(b).

WHEREFORE, Defendant prays the above action now pending against it in the Superior Court for the State of California in and for the County of San Bernardino be removed therefrom to this District Court.

DATED:  October 4, 2021

Respectfully submitted
JACKSON LEWIS P.C.

By: /s/ *Leila Nourani*
Leila Nourani
Landon R. Schwob

Attorneys for Defendant
DISTRIBUTION ALTERNATIVES, INC.

4810-7559-0139, v. 2