# EXHIBIT A

1   Jack Perko, SBN 164529
    **LAW OFFICES OF JACK PERKO**
2   26895 Aliso Creek Road, Suite B66
    Aliso Viejo, CA 92656
3   Phone (949) 390-4442
    Fax (949) 916-1039
4   Email: jack@jackperkolaw.com

5   Attorney for Plaintiffs

**F I L E D**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

MAR 08 2021

BY _____
NICOLE O'DWYER, DEPUTY

6

7              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

8                  **FOR THE COUNTY OF SAN BERNARDINO**

9

10

11

12   ANGEL JOSE ORTIZ, an
     individual and ALAN RAMOS, an
13   individual,

14              Plaintiffs,

15        vs.

16   DISTRIBUTION ALTERNATIVES,
17   INC., a corporation, BARRETT
     BUSINESS SERVICES, INC., a
18   corporation and DOES 1 - 25,
     inclusive,
19

20              Defendants.

21

22

CASE NO. CIV SB 2104519

**COMPLAINT FOR DAMAGES BASED ON:**

1) DISABILITY DISCRIMINATION
2) FAILURE TO ACCOMMODATE
3) FAILURE TO ENGAGE IN AN
   INTERACTIVE PROCESS
4) RETALIATION
5) HARASSMENT
6) INTERFERENCE WITH FMLA
   LEAVE RIGHTS
7) VIOLATION OF PUBLIC POLICY

[JURY TRIAL DEMANDED]

23        Plaintiffs, ANGEL JOSE ORTIZ (hereinafter "ORTIZ") and ALAN RAMOS

24   (hereinafter "RAMOS" brings this action against Defendants for general, compensatory

25   and punitive damages resulting from Defendants' unlawful and tortuous conduct and,

26   as grounds therefore, alleges:

27                              **PARTIES**

28        1.    Plaintiffs are informed and believe and thereon allege that Defendant,

1 DISTRIBUTION ALTERNATIVES, INC. ("DISTRIBUTION") is a corporation doing
2 business in this judicial district.

3       2.      Plaintiff is informed and believes and thereon alleges that Defendant,
4 BARRETT BUSINESS SERVICES, INC. (hereinafter "BARRETT") is a corporation,
5 doing business in California and in this jurisdiction.

6       3.      For the purpose of this complaint, BARRETT, its agents, employees and
7 DOES 1-25 and DISTRIBUTION, its agents, employees and DOES 1-25 shall be referred
8 to collectively as "DEFENDANTS"

9       4.      Plaintiffs, ORTIZ and RAMOS are informed and believe and thereon
10 allege that events relevant to this complaint occurred in San Bernardino County,
11 California.

12      5.      ORTIZ and RAMOS will be collectively referred to as "PLAINTIFFS."

13      6.      At all times mentioned herein, DISTRIBUTION was an employer within
14 the meaning of Government Code § 12926(d) and, as such, was barred from
15 discriminating and retaliating in employment decisions on the basis of retaliation, as
16 set forth in Government Code § 12940 et seq.

17      7.      At all times mentioned herein, BARRETT was an employer within the
18 meaning of Government Code § 12926(d) and, as such, was barred from discriminating
19 and retaliating in employment decisions on the basis of retaliation, as set forth in
20 Government Code § 12940 et seq.

21      8.      PLAINTIFFS are informed and believe and thereon allege that MARISOL
22 was, at all relevant times herein, employed by BARRETT in a managerial position and
23 was acting within the course and scope of such agency and employment in doing the
24 things herein alleged.   PLAINTIFFS are informed and believe that MARISOL had the
25 power to hire and fire.

26      9.      PLAINTIFFS are informed and believe and thereon allege that Hector
27 Rivas was, at all relevant times herein, employed by DISTRIBUTION in a managerial
28 position and was acting within the course and scope of such agency and employment in

1   doing the things herein alleged.    PLAINTIFFS are informed and believe that Hector
2   Rivas had the power to hire and fire.
3        10.    PLAINTIFFS are ignorant of the true names and a capacity of the
4   DEFENDANTS sued herein as DOES 1 - 25, inclusive, and therefore sues these
5   DEFENDANTS by such fictitious names.  PLAINTIFFS will amend this complaint to
6   allege their true names and capacities when ascertained.  PLAINTIFFS are further
7   informed and believe and thereon allege that at all times relevant hereto,
8   DEFENDANTS, their agents, their employees, and DOES 1 - 25 inclusive, in doing the
9   things hereinafter alleged, were acting within the course and scope of such agency and
10  employment.  PLAINTIFFS are informed and believe and thereon allege that each of
11  the fictitiously named DEFENDANTS are responsible in some manner for the
12  occurrences alleged herein and that PLAINTIFFS damages alleged herein were
13  proximately caused by these DEFENDANTS.   To the extent that said conduct and
14  omissions were perpetrated by DEFENDANTS and their agents, the DEFENDANTS
15  confirmed and ratified said conduct and omissions.
16       11.    PLAINTIFFS are residents of San Bernardino County.
17       12.    At all relevant times, PLAINTIFFS were employees covered by
18  Government Code § 12940 et seq., prohibiting discrimination and retaliation in
19  employment on the basis of disability.
20       13.    Whenever and wherever reference is made to individuals who are not
21  named as PLAINTIFFS or DEFENDANTS in this Complaint but were agents, servants,
22  employees and or supervisors of DEFENDANTS, such individuals at all relevant times
23  acted on behalf of DEFENDANTS within the course and scope of their employment.

### FACTUAL ALLEGATIONS

24
25       14.    On or about February 20, 2018, ORTIZ was hired to work in shipping and
26  receiving by DISTRIBUTION through BARRETT, an employment agency.
27       15.    In May of 2019, ORTIZ was taken off work by his doctor due to infected
28  wisdom teeth.  ORTIZ produced a note from his doctor taking him off work in order to

1    have his wisdom teeth removed.

2        16.    ORTIZ qualified for FMLA leave and requested FMLA leave.

3    DEFENDANTS denied ORTIZ'S request. However, due to the emergency nature of the

4    infection, ORTIZ was forced to take a leave of absence in order to have his wisdom teeth

5    removed.

6        17.    In July 2019, while still on leave by his physician, ORTIZ was called by his

7    supervisor, Marisol, at BARRETT and was told that he was being terminated because of

8    absences even though ORTIZ provided DEFENDANTS with Doctors notes and text

9    messages confirming his need to be off work in order to have his wisdom teeth removed.

10        18.    ORTIZ was denied FMLA leave and terminated for having a disability.

11        19.    ORTIZ could have also been given a finite leave of absence as an

12    accommodation for his disability.

13        20.    ORTIZ'S wisdom teeth infection constituted a physical disability, because

14    it limited his ability to engage in major life activities, including working.

15        21.    On or about July 2, 2018, RAMOS was hired to work in receiving by

16    DISTRIBUTION through BARRETT, an employment agency. He was then promoted to

17    shipping and then RAMOS was promoted to forklift driver.

18        22.    On June 13, 2019, RAMOS injured his wrist while working at

19    DISTRIBUTION. RAMOS reported the injury to his supervisor, Marisol and was sent to

20    a Workers' Compensation doctor. RAMOS was given medical restrictions and was

21    placed on modified work. However, the modified work was in violation of RAMO'S

22    medical restrictions.

23        23.    On or about June 16, 2019. RAMOS made a complaint of disability

24    discrimination to Marisol in Human Resources at BARRETT due to being worked in

25    violation of his medical restrictions.

26        24.    On or about June 17, 2019, due to being worked in violation of his medical

27    restrictions, RAMOS was given additional medical restrictions of no pulling or pushing

28    more than 10 lbs. DEFENDANTS gave RAMOS modified duty of just sitting.

25.    On or about June 20, 2019, RAMOS' physician returned RAMOS to work with no medical restrictions.  Instead of moving RAMOS back to his job as a forklift operator, RAMOS was moved over to unpacking and then receiving, even though the job of forklift operator was available.

26.    On information and belief, RAMOS' Supervisor, Hector Rivas, placed RAMOS in unpacking and then receiving knowing that RAMOS' hand was injured and the job of unpacking and receiving would additionally injure RAMOS' hand.

27.    RAMOS could also see that Rivas was training others employees on the forklift.

28.    On information and belief, from June 20, 2019 to August 16, 2019, RAMOS was worked in unpacking and receiving with the DEFENDANT'S intention to reinjure RAMOS in retaliation for having a disability and requesting an accommodation. RAMOS was denied his usual and customary job of driving a forklift because driving a forklift would not reinjure his hand.

29.    On or about the beginning of August, 2019, RAMOS' hand was reinjured and he was given medical restrictions of no use of the right hand.

30.    On or about August 16, 2019, RAMOS' supervisor, Sandi Hernandez arrived and gave RAMOS a letter stating that he should no longer go to work effective Monday August 19, 2019.

31.    On information and belief, RAMOS was intentionally given the job of unpacking and receiving by DEFENDANTS in an attempt to purposely reinjure RAMOS in retaliation for claiming an injury, requesting an accommodation and acquiring a disability.

32.    On information and belief, DEFENDANTS actions also constituted disability harassment.

33.    RAMOS' hand injury constituted a physical disability, because it limited his ability to engage in major life activities, including working.

34.    DEFENDANTS terminated RAMOS' employment because they did not

1 | want to make an accommodation for his injury or injuries as they perceived them and
2 | in part because RAMOS was viewed as a liability.

3 |     35.    DEFENDANTS harassed RAMOS because of his disability by working
4 | him in violation of his medical restrictions.  DEFENDANTS were attempting to get
5 | PLAINTIFF to quit or increase his injuries until he was never able to work for them
6 | again.

7 |     36.    PLAINTIFFS were discriminated against, and ultimately terminated, for
8 | having a disability, in violation of established California law.

9 |     37.    PLAINTIFFS have complied with the provisions of California
10 | Government Code Section 12930 et seq. as an administrative prerequisite to filing this
11 | Complaint. On or about March 1, 2020 and within three years of the date of last
12 | discrimination, PLAINTIFFS each filed a charge of discrimination with the California
13 | Department of Fair Employment and Housing. The DFEH issued a right to sue letter
14 | that same day (See, Attachment I).

### FIRST CAUSE OF ACTION

### EMPLOYMENT DISCRIMINATION BASED ON DISABILITY OR

### PERCEIVED DISABILITY - VIOLATION OF FEHA

### (Against DEFENDANTS and DOES 1 - 25, inclusive)

19 |     38.    PLAINTIFFS refer to and incorporate by reference each and every
20 | allegation contained in each and every paragraph above, as though fully set forth at this
21 | place.

22 |     39.    The Fair Employment and Housing Act ("FEHA") codified in Government
23 | Code §12900 et seq. makes it unlawful for an employer to discriminate against an
24 | employee on the basis of the employee's disability.

25 |     40.    DEFENDANTS engaged in unlawful employment practices in violation of
26 | the FEHA by terminating each of the PLAINTIFFS on the basis of the PLAINTIFFS
27 | disability or perceived disability, failing to engage in the interactive process in good
28 | faith to determine if the PLAINTIFFS could have been given a reasonable

1   accommodation and failing to provide the PLAINTIFFS with a reasonable
2   accommodation.

3       41.    RAMOS is informed and believes and based thereon alleges that RAMOS'
4   disabilities was a motivating factor in DEFENDANTS decision to work RAMOS outside
5   of his medical restrictions and injure RAMOS so much that they could then terminate
6   RAMOS' employment and other discrimination against RAMOS in violation of
7   Government Code §12940(a).

8       42.    ORTIZ is informed and believes and based thereon alleges that ORTIZ'S
9   disabilities was a motivating factor in DEFENDANTS decision to terminate ORTIZ'S
10  employment and other discrimination against ORTIZ in violation of Government Code
11  §12940(a).

12      43.    As a direct and proximate result of DEFENDANTS' above-described
13  discriminatory conduct in violation of the California Fair Employment and Housing Act
14  Government Code Section 12900 et seq., PLAINTIFFS have suffered and will continue
15  to suffer actual damages, including lost earnings, medical costs and other employment
16  benefits, in a sum in excess of the jurisdictional limit of this Court, the exact amount of
17  which is not yet known, which amount will be proven at the time of trial.

18      44.    As a further direct and proximate result of DEFENDANTS' above-
19  described discriminatory conduct in violation of the California Fair Employment and
20  Housing Act Government Code Section 12900 et seq. PLAINTIFFS have suffered and
21  will continue to suffer emotional damages in a sum in excess of the jurisdictional limit
22  of this Court, the exact amount of which is not yet known, which amount will be proven
23  at the time of trial.

24      45.    In bringing this action, PLAINTIFFS have been required to retain the
25  services of counsel. Pursuant to California Government Code § 12965(b), PLAINTIFFS
26  are entitled to an award of attorney fees according to proof.

27      46.    The aforementioned acts taken toward the PLAINTIFFS were authorized
28  and ratified by DEFENDANTS' officers, directors, managerial and supervisory

1  employees who participated in the unlawful conduct as alleged above or who failed to
2  take remedial measures after becoming aware of said unlawful acts. The
3  aforementioned acts of DEFENDANTS were willful, oppressive, malicious and
4  fraudulent, and were done in conscious disregard of the rights of the PLAINTIFFS, in
5  that DEFENDANTS' decision to terminate the PLAINTIFF'S employment based on the
6  PLAINTIFF'S disabilities as they were perceived by DEFENDANTS was done with
7  intent to injure the PLAINTIFFS and with the intent to prevent the exercise of the
8  PLAINTIFF'S statutory rights and obligations. The PLAINTIFFS are therefore entitled
9  to punitive damages in an amount which will be proved at the time of trial.

**SECOND CAUSE OF ACTION**

**FAILURE TO ACCOMMODATE DISABILITY - VIOLATION OF FEHA**

**(Against DEFENDANTS and DOES 1 - 25, inclusive)**

13    47.    PLAINTIFF refers to and incorporates by reference each and every
14  allegation contained in each and every paragraph above, as though fully set forth at this
15  place.

16    48.    At all times herein, PLAINTIFFS were willing and able to perform the
17  duties and functions of the position in which each PLAINTIFF was employed and or
18  trained, or could have performed the duties and functions of that position with
19  reasonable accommodations.  At no time would the performance of the functions of the
20  employment position, with a reasonable accommodation for PLAINTIFF'S disability or
21  PLAINTIFF'S disability as it was perceived by DEFENDANTS, have been a danger to
22  PLAINTIFFS or any other person's health or safety. Accommodation of PLAINTIFF'S
23  disability or disability as it was perceived by DEFENDANTS would not have imposed an
24  undue hardship on DEFENDANTS.

25    49.    By working RAMOS in violation of his medical restrictions,
26  DEFENDANTS failed to accommodate him.  By not giving RAMOS his usual and
27  customary job within his medical restrictions, DEFENDANTS failed to accommodate
28  RAMOS.  By not giving ORTIZ a finite leave of absence and instead terminating him

DEFENDANTS failed to accommodate ORTIZ.

50.   DEFENDANTS' discriminatory actions against PLAINTIFFS, as alleged above, constituted unlawful discrimination in employment on account of PLAINTIFF'S disability or disability as it was perceived by DEFENDANTS in violation of the California Fair Employment and Housing Act Government Code Section 12900 et seq.

51.   As a direct and proximate result of DEFENDANT'S above-described discriminatory conduct in violation of the California Fair Employment and Housing Act Government Code Section 12900 et seq., PLAINTIFFS have suffered and will continue to suffer actual damages, including lost earnings, medical costs and other employment benefits, in a sum in excess of the jurisdictional limit of this Court, the exact amount of which is not yet known, which amount will be proven at the time of trial.

52.   As a further direct and proximate result of DEFENDANTS' above-described discriminatory conduct in violation of the California Fair Employment and Housing Act, PLAINTIFFS have suffered and will continue to suffer emotional damages in a sum in excess of the jurisdictional limit of this Court, the exact amount of which is not yet known, which amount will be proven at the time of trial.

53.   In bringing this action, PLAINTIFFS have been required to retain the services of counsel.  Pursuant to California Government Code § 12965(b), PLAINTIFFS are entitled to an award of attorney fees according to proof.

54.   The aforementioned acts taken toward PLAINTIFFS were authorized and ratified by DEFENDANTS' officers, directors and managerial and supervisory employees who participated in the unlawful conduct as alleged above or who failed to take remedial measures after becoming aware of said unlawful acts. The aforementioned acts of DEFENDANTS were willful, oppressive, malicious and fraudulent, and were done in conscious disregard of the rights of both PLAINTIFFS, in that DEFENDANTS' failure to accommodate both PLAINTIFFS was done with intent to injure PLAINTIFFS and with the intent to prevent the exercise of PLAINTIFF'S statutory rights and obligations. PLAINTIFFS are therefore entitled to punitive

damages in an amount which will be proven at the time of trial.

## THIRD CAUSE OF ACTION

### FAILURE TO ENGAGE IN A TIMELY, GOOD FAITH, INTERACTIVE PROCESS WITH PLAINTIFF

### (Against DEFENDANTS and DOES 1 - 25, inclusive)

55.    PLAINTIFFS refer to and incorporate by reference each and every allegation contained in each and every paragraph above, as though fully set forth at this place.

56.    Government Code, Section 12940, subdivision (n), makes it illegal for an employer "to fail to engage in a timely, good faith, interactive process with the employee . . . to determine effective reasonable accommodations, if any, in response to a request for ...reasonable accommodation by an employee ... with a known physical . . . disability..."

57.    In addition, California Code of Regulations, §7294.0 requires an employer or other covered entity to initiate an interactive process when (1) requested by an employee; (2) when the employer becomes aware of the need for an accommodation through a third party or by observation; or (3) when the employee has exhausted leave under the Workers Compensation Act, FMLA, or CFRA.

58.    DEFENDANTS failed to engage is a timely, good faith, interactive process with the each PLAINTIFF to determine an effective reasonable accommodations for the PLAINTIFF'S known disabilities and, instead DEFENDANT decided to work RAMOS outside of his medical restrictions and injure RAMOS so much that they could then terminate his employment in violation of Government Code, Section 12940, subdivision (n), and prevent RMOS from returning to his former occupation.

59.    DEFENDANTS failed to engage is a timely, good faith, interactive process with the each PLAINTIFF to determine an effective reasonable accommodations for the PLAINTIFF'S known disabilities and, instead DEFENDANT decided to terminate ORTIZ even though they could have given him a finite leave of absence as an

1    accommodation. This was in violation of Government Code, Section 12940, subdivision
2    (n), and prevent ORTIZ from returning to his former occupation.

3         60.   As a direct and proximate result of DEFENDANTS' above-described
4    discriminatory conduct in violation of the California Fair Employment and Housing Act
5    Government Code Section 12900 et seq., PLAINTIFFS have suffered and will continue
6    to suffer actual damages, including lost earnings, medical costs and other employment
7    benefits, in a sum in excess of the jurisdictional limit of this Court, the exact amount of
8    which is not yet known, which amount will be proven at the time of trial.

9         61.   As a further direct and proximate result of DEFENDANTS' above-
10   described discriminatory conduct in violation of the California Fair Employment and
11   Housing Act, PLAINTIFFS have suffered and will continue to suffer emotional damages
12   in a sum in excess of the jurisdictional limit of this Court, the exact amount of which is
13   not yet known, which amount will be proven at the time of trial.

14        62.   In bringing this action, PLAINTIFFS have been required to retain the
15   services of counsel. Pursuant to California Government Code § 12965(b), PLAINTIFFS
16   are entitled to an award of attorney fees according to proof.

17        63.   The aforementioned acts taken toward PLAINTIFFS were authorized and
18   ratified by DEFENDANTS' officers, directors, managerial and supervisory employees
19   who participated in the unlawful conduct as alleged above or who failed to take
20   remedial measures after becoming aware of said unlawful acts. The aforementioned
21   acts of DEFENDANTS were willful, oppressive, malicious and fraudulent and were
22   done in conscious disregard of the rights of PLAINTIFFS, in that DEFENDANTS'
23   failure to engage in an interactive process was done with intent to injure each
24   PLAINTIFF and with the intent to prevent the exercise of PLAINTIFF'S statutory rights
25   and obligations. PLAINTIFFS are therefore entitled to punitive damages in an amount
26   which will be proved at the time of trial.

27   ///
28   ///

## FOURTH CAUSE OF ACTION

### RETALIATION

### (Against DEFENDANTS and DOES 1 - 25, inclusive)

64.     PLAINTIFFS refer to and incorporate by reference each and every allegation contained in each and every paragraph above, as though fully set forth at this place.

65.     During ORTIZ employment, ORTIZ engaged in the following legally protected activities:

a.     Requested an accommodation.

b.     Requested FMLA leave

c.     Requested a leave of absence

66.     During RAMOS employment, RAMOS engaged in the following legally protected activities:

a.     Requested an accommodation.

b.     DEFENDANT terminated both PLAINTIFFS' employment. PLAINTIFF'S protected activities were motivating factors for DEFENDANT'S decision to terminate the PLAINTIFF'S employment.

67.     As a direct and proximate result of DEFENDANT'S above-described discriminatory conduct in violation of the California Fair Employment and Housing Act Government Code Section 12900 et seq., PLAINTIFFS have suffered and will continue to suffer actual damages, including lost earnings and other employment benefits, in a sum in excess of the jurisdictional limit of this Court, the exact amount of which is not yet known, which amount will be proven at the time of trial.

68.     As a further direct and proximate result of DEFENDANT'S above-described discriminatory conduct in violation of the California Fair Employment and Housing Act, PLAINTIFFS have suffered and will continue to suffer emotional damages in a sum in excess of the jurisdictional limit of this Court, the exact amount of which is not yet known, which amount will be proven at the time of trial.

69.    In bringing this action, PLAINTIFFS have been required to retain the services of counsel. Pursuant to California Government Code § 12965(b), PLAINTIFFS are entitled to an award of attorney fees according to proof.

70.    The aforementioned acts taken toward PLAINTIFFS were authorized and ratified by DEFENDANT'S officers, directors, managerial and supervisory employees who participated in the unlawful conduct as alleged above or who failed to take remedial measures after becoming aware of said unlawful acts. The aforementioned acts of DEFENDANTS' were willful, oppressive, malicious and fraudulent, and were done in conscious disregard of the rights of both PLAINTIFFS, in that DEFENDANTS act of retaliation was done with intent to injure PLAINTIFFS and with the intent to prevent the exercise of PLAINTIFF'S statutory rights and obligations. PLAINTIFFS are therefore entitled to punitive damages in an amount which will be proved at the time of trial.

## FIFTH CAUSE OF ACTION

### FOR HARASSMENT BASED ON DISABILITY

### (Against DEFENDANTS and DOES 1 - 25, inclusive)

71.    PLAINTIFFS refer to and incorporate by reference each and every allegation contained in each and every paragraph above, as though fully set forth herein.

72.    During his employment, RAMOS was subjected to a pattern of harassment by his supervisors, Marisol and Hector Rivas, based on his disability, as previously alleged. They required RAMOS to work in violation of his medial restrictions which created a hostile work environment.

73.    The foregoing conduct by DEFENDANTS was based on RAMOS' disability and created an intimidating and hostile work environment.  Such conduct constitutes illegal harassment in violation of Government code Section 12940 et seq., and other provisions of FEHA.

74.    DEFENDANTS are liable for said harassment by Marisol and Hector

1   Rivas because at all relevant times, they were acting as RAMOS' supervisors.

2       75.    DEFENDANTS are also independently liable, because they knew or

3   should have known, through supervisors, of the illegal harassment by all employees and

4   failed to take immediate, appropriate and effective corrective action. Such conduct

5   violates Government Code Section 12940 et seq.

6       76.    As a direct and proximate result of the above-described harassment in

7   violation of the California Fair Employment and Housing Act Government Code Section

8   12900 et seq., RAMOS has suffered and will continue to suffer actual damages,

9   including lost earnings, and other employment benefits, in a sum in excess of the

10  jurisdictional limit of this Court, the exact amount of which is not yet known, which

11  amount will be proven at the time of trial.

12      77.    As a further direct and proximate result of the above-described

13  harassment in violation of the California Fair Employment and Housing Act

14  Government Code Section 12900 et seq., RAMOS has suffered and will continue to

15  suffer emotional distress, including depression, sleep disturbance, and other

16  symptoms, entitling him to non-economic damages in a sum in excess of the

17  jurisdictional limit of this Court, the exact amount of which is not yet known, which

18  amount will be proven at the time of trial.

19      78.    In bringing this action, RAMOS has been required to retain the services of

20  counsel. Pursuant to California Government Code § 12965(b), RAMOS is entitled to an

21  award of attorney fees according to proof.

22      79.    The aforementioned acts taken toward RAMOS were taken by, authorized

23  and/or ratified by DEFENDANTS' officers, directors, and managerial and supervisory

24  employees who participated in the unlawful conduct as alleged above or who failed to

25  take remedial measures after becoming aware of said unlawful acts. The

26  aforementioned acts were carried out by DEFENDANTS in a malicious, willful and

27  oppressive manner with the intent to injure and damage RAMOS. The aforementioned

28  acts of DEFENDANTS were willful, oppressive, malicious and fraudulent, and were

1  done in conscious disregard of the rights of RAMOS, in that the harassment due to

2  RAMOS' disability or disability as it was perceived by Defendants was done with intent

3  to injure RAMOS and with the intent to prevent the exercise of his statutory rights and

4  obligations. RAMOS is therefore entitled to punitive damages in an amount which will

5  be proved at the time of trial.

6  ### SIXTH CAUSE OF ACTION

7  ### INTERFERENCE WITH FAMILY MEDICAL LEAVE ACT RIGHTS

8  ### (Against DEFENDANTS and DOES 1 - 25)

9      80.    PLAINTIFFS refer to and incorporate by reference each and every

10  allegation contained in each and every paragraph above, as though fully set forth at this

11  place.

12      81.    ORTIZ was eligible for leave under the Family Medical Leave Act (FMLA),

13  including intermittent leave.

14      82.    DEFENDANT is an employer subject to the requirements of the Family

15  Medical Leave Act, and it had a legal duty to not interfere with ORTIZ'S rights under

16  that Act.

17      83.    DEFENDANT interfered with ORTIZ'S FMLA rights when it failed to give

18  FMLA leave after a ORTIZ requested FMLA leave and qualified for FMLA leave.

19      84.    DEFENDANT terminated ORTIZ due to absenteeism, even though ORTIZ

20  requested FMLA leave as well as had doctor's notes.   DEFENDANTS then terminated

21  ORTIZ, even though he had a doctor's note excusing him from work in the period of

22  time immediately preceding his termination.

23      85.    In bringing this action, ORTIZ has been required to retain the services of

24  counsel. Pursuant to California Government Code § 12965(b), ORTIZ is entitled to an

25  award of attorney's fees according to proof.

26      86.    DEFENDANTS' violation of ORTIZ'S FMLA rights was wanton, willful,

27  intentional, malicious, oppressive, fraudulent and betrayed a reckless disregard for

28  ORTIZ 'S rights, thus entitling ORTIZ to an award of punitive damages.

87.    As a proximate and direct result of DEFENDANTS' violation of the FMLA, ORTIZ suffered loss, injury and damage in an amount to be determined according to proof at trial.

### SEVENTH CAUSE OF ACTION
### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY
### (DEFENDANTS and Does 1-25, inclusive)

88.    PLAINTIFFS incorporate all previous paragraphs of this Complaint as though fully set forth herein.

89.    Jurisdiction is invoked in this court pursuant to the public policy and common law of the State of California, and court decisions such as Tameny v. Atlantic Richfield Company (1980) 27 Cal. 3d 167, Rojo v. Kliger (1990) 52 Cal. 3d 65, and Turner v. Anheuser-Busch, Inc. (1994) 7 Cal.4th 1238.

90.    In engaging in the conduct set forth above, DEFENDANTS terminated PLAINTIFFS because of their disability or perceived disability.

91.    The conduct by DEFENDANTS was in direct contravention to a fundamental public policy. The Fair Employment and Housing Act ("FEHA") codified in Gov't. Code § 12900 et seq. makes it unlawful for an employer to discriminate against an employee based on an employee's disability, or perceived disability, or for engaging in protected activities, and is a statute underlying a fundamental public policy benefitting the public at large.

92.    As a direct and proximate result of the DEFENDANTS above-described discriminatory conduct in violation of fundamental public policy, PLAINTIFFS have sustained economic loss and other actual damages, including lost front and back pay, other forms of compensation, including employment benefits according to proof at trial.

93.    As a further direct, foreseeable and proximate result of said wrongful acts and failures to act by DEFENDANTS, PLAINTIFFS have suffered and will continue to suffer substantial emotional distress, incur medical treatment expenses, and will incur

other damages and losses according to proof at trial.

94.     The acts taken toward PLAINTIFFS were taken, authorized and/or ratified by DEFENDANTS' officers, directors, managerial and supervisory employees who participated in the unlawful conduct as alleged above or who failed to take remedial measures after becoming aware of said unlawful acts. The acts of DEFENDANTS were willful, oppressive, malicious and fraudulent, and were done in conscious disregard of the rights of PLAINTIFFS in that DEFENDANTS decision to engage in conduct, or fail to take action, which together resulted in the termination of both PLAINTIFF'S employment, were done with intent to injure both PLAINTIFFS and with the intent to prevent the exercise of both PLAINTIFF'S statutory rights and obligations.

95.     As a direct, foreseeable, and proximate result of said wrongful acts and failures to act by DEFENDANTS, PLAINTIFFS suffered and continue to incur actual damages, including lost front and back pay, lost employment benefits, and other special forms of compensation in a sum to be proven at trial.

96.     As a further direct, foreseeable, and proximate result of said wrongful acts and failures to act by the DEFENDANTS, PLAINTIFFS have suffered and will continue to suffer humiliation, shame, despair, embarrassment, depression and mental pain and anguish and other damages in a sum to be proven at trial.

97.     The conduct of the DEFENDANTS and their agents and employees as described herein was oppressive, fraudulent and malicious, done in conscious disregard of PLAINTIFF'S rights, and done by managerial employees of the DEFENDANTS. PLAINTIFFS are thereby entitled to an award of punitive damages against the DEFENDANTS, in an amount appropriate to punish and make an example of the DEFENDANTS, and in an amount to conform to proof.

## PRAYER

Wherefore, PLAINTIFFS prays for judgment as follows:

1.     For a money judgment representing compensatory damages including

medical costs, lost wages, earnings and other employee benefits and all other sums of money, together with interest on those amounts, according to proof:

2.    For a money judgment for mental pain and anguish and emotional distress, according to proof;

3.    For an award of statutory attorneys' fees;

4.    For costs of suit herein incurred;

5.    For prejudgment and post judgment interest;

6.    For an award of punitive damages, according to proof on the First – Fifth Causes of Action;

7.    For Statutory attorneys' fees, interest, and costs of suit under applicable provisions of law.

8.    For such other and further relief that is just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial of all claims by jury to the extent authorized by law.

DATED:  March 1, 2021                **LAW OFFICES OF JACK PERKO**

Jack Perko,
Attorney for Plaintiffs

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# ATTACHMENT I



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                    KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

March 1, 2020

Jack Perko
26895 Aliso Creek Road Suite B66
Aliso Viejo, California 92656

RE:   **Notice to Complainant's Attorney**
      DFEH Matter Number: 202003-09448601
      Right to Sue: Ortiz / Barrett Business Services Inc. et al.

Dear Jack Perko:

Attached is a copy of your complaint of discrimination filed with the Department of Fair
Employment and Housing (DFEH) pursuant to the California Fair Employment and
Housing Act, Government Code section 12900 et seq. Also attached is a copy of your
Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, DFEH will not serve these
documents on the employer.** You must serve the complaint separately, to all named
respondents. Please refer to the attached Notice of Case Closure and Right to Sue for
information regarding filing a private lawsuit in the State of California. A courtesy "Notice
of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the DFEH does not review or edit the complaint form to ensure that it
meets procedural or statutory requirements.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                                     KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

March 1, 2020

RE:    **Notice of Filing of Discrimination Complaint**
       DFEH Matter Number: 202003-09448601
       Right to Sue: Ortiz / Barrett Business Services Inc. et al.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the
Department of Fair Employment and Housing (DFEH) in accordance with Government
Code section 12960. This constitutes service of the complaint pursuant to Government
Code section 12962. The complainant has requested an authorization to file a lawsuit.
This case is not being investigated by DFEH and is being closed immediately. A copy of
the Notice of Case Closure and Right to Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact
information.

No response to DFEH is requested or required.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

March 1, 2020

Angel Ortiz
833 N. H. St.
San Bernardino, California 92410

RE:    **Notice of Case Closure and Right to Sue**
DFEH Matter Number: 202003-09448601
Right to Sue: Ortiz / Barrett Business Services Inc. et al.

Dear Angel Ortiz,

This letter informs you that the above-referenced complaint was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective March 1, 2020 because an immediate Right to Sue notice was requested. DFEH will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

Department of Fair Employment and Housing

**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**
Angel Ortiz                                   DFEH No. 202003-09448601

                        Complainant,

vs.

Barrett Business Services Inc.
8100 NE Parkway Drive
Vancouver, Washington 98662

Distribution Alternatives, Inc.
6870 21st Avenue South
Lino Lakes, Minnesota 55038

Marisol Unknown
, CA

                   Respondents
_____

1. Respondent **Barrett Business Services Inc.** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

2. Complainant **Angel Ortiz**, resides in the City of **San Bernardino** State of **California.**

3. Complainant alleges that on or about **July 30, 2019**, respondent took the following adverse actions:

**Complainant was harassed** because of complainant's family care or medical leave (cfra) (employers of 50 or more people), disability (physical or mental), association with a member of a protected class.

**Complainant was discriminated against** because of complainant's family care or medical leave (cfra) (employers of 50 or more people), disability (physical or mental) and as a result of the discrimination was terminated, denied any employment benefit

-1-
*Complaint – DFEH No. 202003-09448601*

Date Filed: March 1, 2020

or privilege, denied reasonable accommodation for a disability, denied family care or medical leave (cfra) (employers of 50 or more people).

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment, requested or used a disability-related accommodation, participated as a witness in a discrimination or harassment complaint, requested or used leave under the california family rights act or fmla (employers of 50 or more people) and as a result was terminated, denied any employment benefit or privilege, denied reasonable accommodation for a disability, denied family care or medical leave (cfra) (employers of 50 or more people).

**Additional Complaint Details:** Respondents terminated me in retaliation for claiming an injury and requesting an accommodation and reporting a meal and break violation.   Respondents failed to accommodate my disability in violation of FEHA.  Respondents, failed to engage in an interactive process to find an accommodation for me with my disability.  Respondents discriminated against me because of my disability, and because I reported wage violations in violation of FEHA. Marisol harassed me because of my disability, because I reported  meal and break violations. Respondents, failed to prevent discrimination, harassment and retaliation.

-2-
*Complaint – DFEH No. 202003-09448601*

Date Filed: March 1, 2020

VERIFICATION

I, **Jack Perko,** am the **Attorney** in the above-entitled complaint.  I have read the foregoing complaint and know the contents thereof.  The matters alleged are based on information and belief, which I believe to be true.

On March 1, 2020, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Aliso Viejo, CA**

-3-

*Complaint – DFEH No. 202003-09448601*

Date Filed: March 1, 2020