1
LAW OFFICES OF JACK PERKO
Jack Perko (State Bar No. 164529)
2
jackperko@hotmail.com
26895 Aliso Creek Road, Suite B66
3
Aliso Viejo, CA 92656
(818) 674-0948;
4
Fax: (949) 916-1039

5
Attorney For Plaintiff,
Angel Jose Ortiz and
6

7
Leila Nourani (SBN 163336)
Landon R. Schwob (SBN 280908)
8
JACKSON LEWIS P.C.
9
725 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5408
10
Telephone: (213) 689-0404
11
Facsimile: (213) 689-0430

12
Attorneys for Defendant
Distribution Alternatives
13

14
UNITED STATES DISTRICT COURT
15
CENTRAL DISTRICT OF CALIFORNIA, DIVISION
16

| | |
|---|---|
| 17  ANGEL JOSE ORTIZ, an individual, <br> 18  and ALAN RAMOS, an individual, <br> 19              Plaintiffs, <br> 20  vs. <br> 21 <br> 22  DISTRIBUTION ALTERNATIVES, <br> 23  INC., a <br>     corporation, BARRETT BUSINESS <br> 24  SERVICES, INC., a corporation and <br>     DOES 1-25, inclusive, <br> 25 <br> 26              Defendants.. | Case No. 5:21-cv-01673-JWH-KK <br><br> **JOINT RULE 26 REPORT** <br><br> Complaint Filed: 3/8/2021 |

27
28
     Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Local Rule
26-1, Plaintiffs, ANGEL JOSE ORTIZ and ALAN RAMOS ("Plaintiffs") and

Defendant DISTRIBUTION ALTERNATIVES, INC ("DAI") (collectively "the Parties") jointly conferred on November 18, 2021, and hereby jointly submit to the Court their Joint Report regarding the Rule 26(f) conference.

### 1.   Statement of the Case

This is an employment lawsuit brought by Plaintiffs against her alleged employers alleging five causes of action: 1) disability discrimination under FEHA; 2) failure to accommodate disability or perceived disability under FEHA; 3) failure to engage in a timely, good faith interactive process under FEHA; 4) Retaliation in response to requesting an accommodation under FEHA; 5) Harassment under FEHA; 6) Interference with FMLA leave and 7) Wrongful Termination in violation of public policy.

DAI denies maintains all raised Affirmative Defenses asserted in its Answer to Plaintiffs' Complaint.  DAI denies all of Plaintiffs' allegations and that they suffered damages in any amount whatsoever.

### 2.   Subject Matter Jurisdiction

DAI removed the case from State Court to Federal Court on grounds of Diversity of Citizenship.

### 3.   Legal Issues

The Parties anticipate that the legal disputes will be (1) whether or not DAI employed Plaintiffs; (2) whether or not Defendants wrongfully terminated Plaintiffs due to Plaintiffs' claimed disabilities; (2) whether or not Plaintiffs were able to perform the essential functions of their jobs; (3) whether or not Plaintiffs ever requested accommodation and, if so, whether there was a reasonable accommodation available that Defendants may have been required to provide; (4) whether Defendants failed to engage in a timely, good faith interactive process under the Fair Employment and Housing Act ("FEHA") or whether there was a breakdown in the process that is attributable to Plaintiffs; (5) whether Defendants terminated Plaintiffs due to the fact that Plaintiffs allegedly requested an

accommodation and whether Defendants interfered with Plaintiffs' FMLA rights.

DAI denies any and all wrongdoing as asserted in Plaintiffs' Complaint. DAI asserts that it was not Plaintiffs' employer but that, if it were found to be Plaintiffs' employer, it never discriminated against, failed to accommodate, failed to engage in an interactive process, never retaliated against, never harassed, never interfered with FMLA leave rights of Plaintiffs, and never terminated them in violation of public policy.

**4.      Parties and Evidence.**

Plaintiffs are Angel Jose Ortiz and Alan Ramos.  Defendants are DAI and Barrett Business Services Inc. ("BBSI").

Plaintiffs' known witnesses at this time are  Angel Jose Ortiz, Alan Ramos, Sandi Hernandez, Marisol (last name unknown), Hector Rivas, Leticia Nava, Alba (last name unknown), Letty (last name unknown), Lorena Ortiz, Mirna Panduro, Erika Morales and Patricia Juarez.  DAI's known witnesses at this time are Patricia Juarez, Hector Rivera, and Marisol Gonzalez.

The Parties anticipate the following evidence will be material to the issues in this action: Plaintiffs' DFEH complaint; Plaintiffs' personnel file(s); documents related to Plaintiffs' compensation, including payroll records and wage statements; documents related to Plaintiffs' working hours, including timekeeping records; any employee handbooks of Plaintiffs' employer(s) and any other policies in effect during the relevant time period; e-mail and text communications, if any, between Plaintiffs' and current and former personnel of their employer(s) and third-party witnesses; and workers compensation records, if any, related to Plaintiffs' alleged injuries and medical treatment.

**5.      Damages**

Plaintiffs' estimate of the realistic range of provable damages for each Plaintiff is approximately $100,000.00 for lost wages plus emotional distress and possible punitive damages. DAI denies that Plaintiffs have been injured or

damaged in any amount whatsoever.

**6.     Insurance**

**7.     DAI maintains employment practices liability insurance.Motions**

DAI believes that a Motion for Summary Judgment or Summary Adjudication in the alternative may be appropriate in this case.

**8.     Manual for Complex Litigation**

The current litigation is not a complex case.

**9.     Status of Discovery**

The Parties have agreed to Initial Disclosures on November 26, 2021.  Other than Initial Disclosures, no other discovery has been conducted to date.

**10.     Discovery Plan**

The Parties agree that there should be no changes in the disclosures under Rule 26(a) and that there is no need for the discovery to be conducted in phases. Discovery will be needed as to Plaintiffs' claims, Defendants' defenses; Plaintiffs' claimed damages, and Plaintiffs' efforts to mitigate their claimed damages.

**11.     Discovery Cut-Off**

The Parties jointly attach hereto a Presumptive Schedule of Pretrial Dates, attached as Exhibit A.

**12.     Expert Discovery**

See Exhibit A.

**13.     Dispositive Motions**

DAI anticipates filing a Motion for Summary Judgment or Motion for Summary Adjudication addressing the legal issues outlined above.  DAI anticipates filing motions *in limine*; however, it is too early to state the issues that would be addressed.  Plaintiffs anticipate filing motions *in limine*.

**14.     Settlement and Settlement Mechanism**

The Parties have not yet engaged in any settlement negotiations.  The parties agree to participate in alternative dispute resolution by  ?????.

**15.    Trial Estimate**

The Parties estimate that trial would last 7 full Court days.   Plaintiff has demanded a jury trial.   The Parties estimate that each side would call 4-8 witnesses.

**16.    Trial Counsel**

Jack Perko will be trial counsel for the Plaintiffs.  Leila Nourani will be trial counsel for DAI.

**17.    Independent Expert or Master**

The parties do not anticipate the need for an independent expert or master.

**18.    Timetable**

See Exhibit A.

**19.    Amended Pleadings and Adding Parties**

BBSI has changed its agent for service.  Plaintiffs will need 30 days to serve it again.

**20.    Other Issues**

The Parties do not have any other issues to raise with the Court at this time.

**21.    Magistrate Judge**

The Parties decline to have a Magistrate Judge preside.

DATED:  11/26/21                                    LAW OFFICE OF JACK PERKO


                                                    By /s/ Jack Perko
                                                       Jack Perko
                                                       Attorneys for PLAINTIFFS


DATED:  11/26/21                                    JACKSON LEWIS P.C.


                                                    By  /s/ Leila Nourani
                                                        Leila Nourani
                                                    Attorney for Defendant
                                                    DISTRIBUTION ALTERNATIVES, INC.

1

**EXHIBIT A: SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET**

2

3

| Case No.: | | | |
|---|---|---|---|
| **Case Name:** | | | |
| **EVENT** | Plaintiff's Request month/day/year | Defendant's Request month/day/year | Court's Order |
| ☒ Jury Trial *or* Bench Trial ☐ **(Monday at 9:00 a.m.)**     Length: ___ days | September 19, 2022 Length: 5_ days | January 24, 2023 Length: 7 days | |
| Final Pretrial Conference [L.R. 16] **(Friday−17 days before trial date)** | September 2, 2022 | January 10, 2023 | |
| Hearing on Motions *in Limine* **(Friday−7 days before Final PTC)** | August 26, 2022 | January 3, 2023 | |
| Last Date to Hear Non Discovery Motions- 21 days before pretrial conf | August 12, 2022 | December 20, 2022 | |
| Last Date to Conduct Settlement Conference | July 13, 2022 | December 6, 2022 | |
| All Discovery CutOff (including hearing all discovery motions | May 13, 2022 | October 20, 2022 | |
| Expert Disclosure (Rebuttal) 70 days before cutoff | March 3, 2022 | August 11, 2022 | |
| Expert Disclosure (Initial) | February 22, 2022 | July 11, 2022 | |

ADR [L.R. 1615] Settlement Choice:

    ☐  Attorney Settlement Officer Panel

    ☐  Private Mediation

    ☐  Magistrate Judge

4872-2200-2692, v. 1